IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. POMPEO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXELON CORP. and EXELON ) <br> GENERATION CO., LLC, ) <br> ) <br> Defendants. ) <br> ) | No. 12 C 10098 <br><br> Magistrate Judge <br> Maria Valdez |

## REPORT AND RECOMMENDATION

Maria Valdez, United States Magistrate Judge.

This matter has been referred to this Court for a Report and Recommendation on Defendants' Motion for Order Compelling Plaintiff to Sign and Comply With Written Terms of Settlement [Doc. No. 45]. For the reasons that follow, the Court respectfully recommends that the motion be denied.

## BACKGROUND

Plaintiff's Second Amended Complaint alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Illinois Human Rights Act, 775 Ill. Comp. Stat. § 5/1-103, as well as ADA retaliation.[1] The case was

---

[1] The complaint also alleged retaliation under the Whistleblower Protection Act, 42 U.S.C. § 5851, but that count was dismissed without objection by the District Court on June 11, 2013.

referred to this Court for the purposes of conducting a settlement conference, and one was held on September 12, 2013. The parties reached the terms of settlement during the conference, and the parties were brought into open court to recite the agreed terms. Neither party advised there were any open material terms to be negotiated. The Court's minute order indicated that a settlement had been reached and directed the parties to file a stipulation of dismissal before the District Court.

Defendants state that on September 18, 2013, they sent Plaintiff's counsel a draft written agreement for his signature. Plaintiff did not sign this agreement, and his counsel advised Defendants' counsel on September 30, 2013 that he was not going to sign. Plaintiff has not proposed any changes to the agreement, nor does he contend that it is not an accurate reflection of the terms agreed to during the settlement conference.

Based on Plaintiff's refusal to sign the agreement, Defendants filed the present motion to enforce, seeking an order requiring Plaintiff to execute the written agreement with a warning that failure to execute the agreement will result in the dismissal of his complaint with prejudice, as well as attorneys' fees for bringing the present motion. Plaintiff responds that the express terms of the Settlement Agreement grant him the right to reject the settlement and release, and he has elected to exercise that right.

## **DISCUSSION**

Oral settlement agreements are generally enforceable contracts as long as the requisites of "offer, acceptance, and a meeting of the minds as to the terms

agreed upon" are present, and the material terms are "sufficiently 'definite and certain' for a reviewing court to ascertain the parties' agreement." *Lewis v. School Dist. #70*, 648 F.3d 484, 486-87 (7th Cir. 2011) (finding a valid agreement was entered into after a judicial settlement conference where the material terms of the agreement were recited on the record and were accepted by the plaintiff). There is no meaningful dispute that an agreement as to all material terms of the settlement agreement was reached after the September 12, 2013 conference.[2]

But because the settlement included a waiver of his ADEA claim, the Court must first determine whether Plaintiff's waiver of his ADEA rights was statutorily sufficient. Pursuant to the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f), which amended the ADEA:

> A waiver in settlement of . . . an action filed in court by the individual . . . alleging age discrimination of a kind prohibited under section 4 or 15 may not be considered knowing and voluntary unless at a minimum:
>
> (A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;
>
> (B) the waiver specifically refers to rights or claims arising under this Act;

---

[2] Although Plaintiff obliquely argues that "terms of an oral settlement were discussed" and "certain terms were agreed upon including that all parties anticipated that the oral settlement would be reduced to writing," (Pl.'s Resp. ¶ 2), he does not identify any material terms that were not recited and agreed upon in open court. Having been present throughout the negotiation period, the Court is satisfied that the parties had a meeting of the minds as to all material terms, and an enforceable agreement was reached at the close of the settlement conference. *See Dawson v. Gen. Motors Corp.*, 977 F.2d 369, (7th Cir. 1992) ("The fact that a formal written document is anticipated does not preclude enforcement of a specific preliminary promise.").

> (C) the individual does not waive rights or claims that may arise after the date the waiver is executed;
>
> (D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;
>
> (E) the individual is advised in writing to consult with an attorney prior to executing the agreement; and
>
> . . . the individual is given a reasonable period of time within which to consider the settlement agreement.

29 U.S.C. § 626(f)(2) (incorporating § 626(f)(1) by reference); *see Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-27 (1998) ("The statutory command is clear: An employee 'may not waive' an ADEA claim unless the waiver or release satisfies the OWBPA's requirements."); 29 C.F.R. § 1625.22(g)(1)(B). The party asserting the waiver's validity has the burden of proving that it was knowing and voluntary. 29 U.S.C. § 626(f)(3); *see Pierce v. Atchison Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 438 (7th Cir. 1997). The OWBPA's commands regarding waivers "incorporate[] no exceptions or qualifications. The test of the OWBPA forecloses the employer's defense, notwithstanding how general contract principles would apply to non-ADEA claims." *Oubre*, 522 U.S. at 427.

Neither of the parties identified any cases from this district or the Seventh Circuit addressing the validity of an ADEA waiver in the context of an agreement reached after a judicial settlement conference, and the Court found none. Defendants urge the Court to follow the Second Circuit opinion *Powell v. Omnicom,*

4

*BBDO/PHD*, 497 F.3d 124 (2d Cir. 2007),[3] which denied an employee's motion to set aside a settlement agreement reached after a judicial mediation, based on its alleged failure to comply with the OWBPA's notice requirements. In *Powell*, the plaintiff agreed to a settlement after several hours of negotiations before a magistrate judge. *Id.* at 127. The terms of the settlement were stated on the record, and the plaintiff affirmatively stated that the terms were acceptable to her and that she understood that by her agreement, the case would be terminated with prejudice and could not be reopened. *Id.* Six days later, the district court issued an order terminating the case without prejudice to reopening the action within thirty days. *Id.* at 127-28.

The parties then tried to reduce the terms of the agreement to writing, but the plaintiff refused to sign. *Id.* at 128. Within thirty days of the order terminating the case without prejudice, the plaintiff's attorney asked the court to reopen the matter. *Id.* The district court ultimately found that the settlement was enforceable and denied the plaintiff's motion to reopen the case. *Id.*

On appeal, the plaintiff alleged that the settlement agreement was invalid because, among other things, it did not meet the OWBPA's timing requirements. The Second Circuit found that the plaintiff did have a "reasonable period of time within which to consider the settlement agreement," and therefore the oral agreement reached at the end of the settlement conference complied with the

---

[3] The opinion was provided to the Court during the motion hearing and was not discussed in the motion or response.

OWBPA.[4] *Id.* at 132. The court reasoned that nearly two years had elapsed between the plaintiff's termination and the settlement conference, giving her a long period of time in which "to give considered thought to how she wished to resolve this dispute." *Id.* at 132 (discussing a Senate report that noted the vulnerability of a terminated employee, who "needs time to recover from the shock of losing a job . . . [and] to locate and consult with an attorney if the employee wants to determine what legal rights may exist") (quoting S.Rep. No. 101-263 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 1509, 1538-39). The plaintiff was not in shock or under any time pressure to settle, she was a sophisticated businesswoman, and she was represented by counsel. Therefore, the period of time spent in the settlement conference before she agreed to its terms "was reasonable under the circumstances."[5] *Id.* at 132.

---

[4] The Second Circuit expressly declined to decide whether the OWBPA applies to in-court settlements, in light of the parties' assumption that it applied and the court's determination that all of its requirements were met in any case. *Powell v. Omnicom, BBDO/PHD*, 497 F.3d 124, 131 n.3 (2d Cir. 2007).

[5] At least two other decisions in the Second Circuit have come to the same conclusion. In *Manning v. N.Y. Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at **6-8 (S.D.N.Y. Aug. 22, 2001), the court found a sufficient ADEA waiver where the terms of the settlement were presented to the plaintiff in writing and were read into the record, the terms were reviewed by both the plaintiff and counsel, he clearly understood the terms because they had been vigorously negotiated for hours in the presence of the court, and there was a reasonable time to consider the waiver, which occurred years after the plaintiff's termination. In *Mareno v. Madison Square Garden, L.P.*, 21 Fed. Appx. 74, 75-76 (2d Cir. 2001) (unpublished decision), the appellate court upheld a dismissal after a settlement agreement, finding that the plaintiff had ample time to consider the agreement, the terms of which were finalized with the assistance of a magistrate judge. The Court's research revealed no cases holding that an ADEA waiver in a judicially-assisted settlement was ineffective.

*Powell*'s reasoning is compelling, particularly in this case, where Plaintiff makes no argument that he did not in fact knowingly and voluntarily waive his ADEA claim. However, the Court need not surmise if the Seventh Circuit would agree with *Powell*, because as Plaintiff points out, the written agreement drafted by Defendants affords Plaintiff the right not to accept Defendants' settlement offer with regard to the ADEA claim:

> Pompeo understands that he is waiving any claims he might have under the [ADEA], which protects employees against age discrimination. Pompeo represents that he has consulted with his attorney regarding this Settlement Agreement, that he has been given forty-five days to consider ExGen's offer of settlement, and that he understands that he has seven days after signing this Settlement Agreement to revoke his acceptance.

(Defs.' Mot., Ex. A, ¶ 13.)

This paragraph includes a broader temporal scope of notice than the statue requires,[6] but it was Defendants' choice to include it. To the extent the language may be ambiguous as to whether Plaintiff had already been given forty-five days to consider the offer, or whether the forty-five day clock began to run only after the written settlement was tendered to Plaintiff, that ambiguity must be construed against Defendants. *See Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 368 (Ill. 1998) ("[A]ny ambiguity in the terms of a contract must be resolved against the drafter of the disputed provision."). Moreover, the express terms of Paragraph 13

---

[6] Waivers of claims in settlement of EEOC charges or lawsuits must allow the individual "a reasonable period of time" to consider the agreement, but for other waivers, the individual is "given a period of at least 21 days within which to consider the agreement." 29 U.S.C. § 626(f)(1)(F)(i)-(f)(2).

7

allow Plaintiff seven days after signing the agreement to revoke his acceptance. It would be anomalous to hold that Plaintiff could revoke acceptance after signing but would be held to the terms of the prior oral agreement if he refuses to sign. *See Neely v. Good Samaritan Hosp.*, 345 Fed. Appx. 39, 45 (6th Cir. 2009) (unpublished decision) ("It strains logic . . . for [the defendant] to add the unconditional right to revoke into a settlement agreement but to disallow [the plaintiff] from exercising that right as promised under the terms of the agreement and as required under the ADEA."). The Court therefore recommends that Defendants' motion be denied.[7]

---

[7] Defendants could have argued that the oral agreement is effective as to Plaintiff's ADA claim, which is neither governed by the OWBPA's notice requirements nor referenced in Paragraph 13 of the written agreement. *See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427-28 (1998) (noting that a release that does not comply with the OWBPA "is unenforceable against [the employee] insofar as it purports to waive or release [an] ADEA claim"). But because Defendants' motion does not seek partial enforcement of the settlement agreement, the Court recommends that the motion be denied in its entirety.

**CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that Defendants' Motion for Order Compelling Plaintiff to Sign and Comply With Written Terms of Settlement [Doc. No. 45] be denied. Counsel has fourteen days from the date of service of this Court's Report and Recommendation to file objections with the District Court. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Tumminaro v. Astrue*, 671 F.3d. 629, 633 (7th Cir. 2011).

**SO ORDERED.**  **ENTERED:**

DATE: __January 14, 2014__  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**