**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. POMPEO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 10098 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| EXELON CORP. AND EXELON ) | |
| GENERATION CO., LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court adopts in part, rejects in part, and modifies in part Magistrate Judge Valdez's January 14, 2014 Report and Recommendation [73]. The parties' September 12, 2013 oral settlement agreement is binding. Status hearing set for 3/17/14 is stricken and reset to 3/4/14 at 8:30 a.m. Before the next status date of 3/4/14, the parties must meet and confer to memorialize the oral settlement agreement into writing as required by the ADEA. *See* 29 U.S.C. § 626(f)(1)(A).

## STATEMENT

Before the Court are Defendants' objections to Magistrate Judge Valdez's Report and Recommendation addressing Defendants' Motion for an Order Compelling Plaintiff to Sign and Comply with Written Terms of Settlement [45]. On January 14, 2014, Judge Valdez recommended that the Court deny Defendants' motion. On January 28, 2014, Defendants objected to Judge Valdez's Report and Recommendation as provided by Federal Rule of Civil Procedure 72(b)(2) and 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court adopts in part, rejects in part, and modifies in part Judge Valdez's Report and Recommendation as consistent with this Order. In sum, because the oral settlement agreement of September 12, 2013 controls the parties' dispute and is a valid, enforceable contract under Illinois law, the Court grants Defendants' motion to enforce the oral settlement agreement.[1]

## STANDARD OF REVIEW

"When a magistrate judge prepares a report and recommendation for a district court, the governing statute provides that the district court 'shall make a de novo determination' with respect to any contested matter." *Kanter v. C.I.R,* 590 F.3d 410, 416 (7th Cir. 2009) (citing 28

---

[1] Defendants revised their requested relief in their Objections to the Report and Recommendation. (R. 74, 75.)

U.S.C. § 636(b)(1)(C)). As the Seventh Circuit explains:

> De novo review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank,* 725 F.3d 651, 661 (7th Cir. 2013). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009); *see also Willis v. Caterpillar Inc.,* 199 F.3d 902, 904 (7th Cir. 1999); Rule 72(b)(3).

## BACKGROUND

On May 17, 2013, Plaintiff Michael Pompeo filed a four-count Amended Complaint against Defendants Exelon Corporation and Exelon Generation Company, LLC alleging violations of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.,* the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Illinois Human Rights Act, 735 ILCS 5/1-103. On August 6, 2013, the Court referred this matter to Magistrate Judge Valdez for settlement and on September 12, 2013, Judge Valdez held a settlement conference. Judge Valdez's September 12, 2013 minute entry states: "Settlement conference held on 9/12/2013. Parties reach terms of settlement. Stipulation of dismissal to be filed before the District Court. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge." (R. 40.) Although the parties stated the terms of the oral settlement agreement before Magistrate Judge Valdez on September 12, 2013, the terms were not recorded on the record.

According to Defendants, on September 18, 2013, they sent a draft written settlement agreement to Pompeo's counsel and on September 19, 2013, Pompeo's counsel emailed back that she had only minor comments, but that Pompeo wanted to see a copy of his personnel file before he signed the agreement. Defendants did not provide Pompeo with the copy of his personnel file because it had been over a decade since Pompeo had been an employee. At the status hearing before the Court on October 1, 2013, Pompeo's counsel informed the Court that Pompeo had changed his mind and that he would not sign the written settlement agreement. The Court thereafter gave Defendants until October 15, 2013 to file a motion to enforce the settlement agreement. Instead of filing a motion to enforce the oral settlement agreement, Defendants filed a Motion to Compel Plaintiff to Sign and Comply with the Written Terms of the Settlement. On October 15, 2013, the Court referred Defendants' motion to Judge Valdez. On January 14, 2014, Judge Valdez issued a Report and Recommendation denying Defendants' motion based on language in the written settlement agreement allowing Plaintiff to revoke his

2

acceptance of the agreement within seven days after he signed the written agreement. On January 28, 2014, Defendants filed their objections to the Report and Recommendation.

## ANALYSIS

The parties do not dispute that Illinois law governs the purported oral and written settlement agreements. *See Auto–Owners Ins. Co. v. Websolv Computing, Inc.,* 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.") (internal citation and quotation marks omitted); *see also Abbott Labs. v. Alpha Therapeutic Corp.,* 164 F.3d 385, 387 (7th Cir. 1999) ("Local contract law governs the construction and enforcement of settlement agreements."). Settlement agreements are enforced like any other contract. *See In re Illinois Bell Tele. Link-Up II*, 994 N.E.2d 553, 558, 373 Ill. Dec. 784 (1st Dist. 2013) (settlement "agreements are construed and enforced under principles of contract law"). "A valid and enforceable contract requires an offer, an acceptance, and consideration." *Sheth v. SAB Tool Supply Co.*, 990 N.E.2d 738, 754-55, 371 Ill.Dec. 550, 566 -67 (1st Dist. 2013). Also, "[l]ike any other contract, the essential terms of the settlement agreement must be definite and certain for it to be enforceable." *City of Chicago v. Ramirez,* 366 Ill.App.3d 935, 946, 852 N.E.2d 312, 324, 304 Ill.Dec. 62, 74 (1st Dist. 2006); *see also Downs v. Rosenthal Collins Group, L.L.C.*, 963 N.E.2d 282, 297, 357 Ill.Dec. 329, 344 (1st Dist. 2011) ("For an oral contract to be valid and enforceable, its terms must be definite and consistent."). A contract modification must satisfy the same elements for a valid contract (offer, acceptance, and consideration) and preexisting obligations do not suffice for consideration." *All American Roofing, Inc. v. Zurich Am. Ins. Co.,* 404 Ill.App.3d 438, 449-50, 934 N.E.2d 679, 68, 343 Ill.Dec. 355, 365 (1st Dist. 2010).

In her Report and Recommendation, Magistrate Judge Valdez explained that the "parties reached the terms of settlement during the conference, and the parties were brought into open court to recite the agreed terms." (R. 73, R&R, at 2.) Judge Valdez further stated "[n]either party advised there were any open material terms to be negotiated" and the "[c]ourt's minute order indicated that a settlement had been reached and directed the parties to file a stipulation of dismissal before the District Court." (*Id.*) Also, Judge Valdez concluded that "[h]aving been present throughout the negotiation period, the Court is satisfied that the parties had a meeting of the minds as to all material terms, and an enforceable agreement was reached at the close of the settlement conference." (*Id*. at 3 n.2.) In fact, the parties do not dispute that:

> After the parties had separately agreed to the terms of settlement, Judge Valdez reconvened the parties in open court and recited the terms to which the parties had agreed. Both Pompeo and his attorney had the opportunity to object to or disagree with anything that Judge Valdez or counsel for Defendants said regarding the terms of the settlement. They did not object or disagree, and — in fact — positively stated that the terms recited by Judge Valdez constituted the deal to which Pompeo had agreed.

(R. 45, Mot., ¶ 4; R. 71, Sealed Resp. to Mot., ¶ 4.) The Court therefore adopts in part Judge

Valdez's Report and Recommendation in which she concluded that the parties had a valid and enforceable oral settlement agreement as of September 12, 2013.

At the status hearing before the Court on October 1, 2013, Pompeo's counsel informed the Court that Pompeo had changed his mind. It is well-established, however, that "[p]ost-acceptance conduct does not retract an earlier acceptance." *Elustra v. Mineo,* 595 F.3d 699, 709 (7th Cir. 2010). Indeed, "[b]uyer's remorse cannot undo a contract to which all parties have given their assent." *Newkirk v. Village of Steger,* 536 F.3d 771, 775 (7th Cir. 2008); *see also Elustra,* 595 F.3d at 709; *Porter v. Chicago Bd. of Educ.,* 981 F.Supp. 1129, 1132 (N.D. Ill. 1997) ("[A] mere change of mind is not sufficient grounds for setting aside a settlement agreement.") (citation omitted). Under these circumstances, the parties had a valid and enforceable oral settlement agreement under Illinois law, as Judge Valdez concluded in her Report and Recommendation in which she stated that "[t]here is no meaningful dispute that an agreement as to all material terms of the settlement agreement was reached after the September 12, 2013 conference." (R&R, at 3.)

Nevertheless, Judge Valdez concluded that — ultimately — there was no valid and enforceable settlement agreement based on Defendants' proposed written settlement agreement. Specifically, Judge Valdez relied upon a clause in the written agreement allowing Pompeo to revoke his acceptance of the settlement agreement within seven days after signing it. The exact language of the written settlement agreement states:

> Pompeo understands that he is waiving any claims he might have under the Age Discrimination in Employment Act of 1967, which protects employees against age discrimination. Pompeo represents that he has consulted with his attorney regarding this Settlement Agreement, that he has been given forty-five days to consider [Defendants'] offer of settlement, and that he understands that he has seven days after signing this Settlement Agreement to revoke his acceptance.

(R. 56, Sealed Doc., ¶ 13.)

Because the written settlement agreement included a waiver of Pompeo's ADEA claim, Magistrate Judge Valdez evaluated whether the written waiver was statutorily sufficient. Indeed, "waivers of federal rights must be knowing and voluntary" such as "claims under the Age Discrimination in Employment Act ('ADEA')." *Riley v. American Family Mut. Ins. Co.,* 881 F.2d 368, 371 (7th Cir. 1989). In reviewing the waiver, Judge Valdez looked to both subsections of 29 U.S.C. § 626(f). Section 626(f)(1) speaks to whether an ADEA waiver is knowingly and voluntarily made. *See Lloyd v. Brunswick Corp.,* 180 F.3d 893, 895 (7th Cir. 1999). On the other hand, Section 626(f)(2) concerns the timing of waivers in settlement agreements made in the context of a federal lawsuit or EEOC charge, as opposed to different contexts, such as waivers sought in connection with early retirement plans. *See Powell v. Omnicom,* 497 F.3d 124, 132 (2d Cir. 2007); *Adams v. Ameritech Servs., Inc.,* 231 F.3d 414, 430 (7th Cir. 2000). Specifically, "if the waiver is in settlement of an EEOC charge or a lawsuit filed under the ADEA, the employee must be given 'a reasonable period of time within which to consider the

settlement agreement.'" *Pierce v. Atchison Topeka & Santa Fe Ry. Co.,* 110 F.3d 431, 436 n.5 (7th Cir. 1997) (quoting 29 U.S.C. § 626(f)(2)). The Equal Employment Opportunity Commission ("EEOC") has interpreted this requirement as "reasonable under all the circumstances, including whether the individual is represented by counsel or has the assistance of counsel." 29 C.F.R. § 1625.22(g)(4). The EEOC has also determined that the time periods under Section 626(f)(1), such as the seven-day revocation period pursuant to Section 626(f)(1)(G), do not apply to settlement agreements under Section 626(f)(2). *See* 29 C.F.R. § 1625.22(g)(5); *Powell*, 497 F.3d at 132. Accordingly, the seven-day revocation period at issue in the written agreement is irrelevant to the Court's analysis.

Here, it is undisputed that Pompeo never argued that his waiver of his ADEA claim was not knowingly or voluntarily made. (R&R, at 7.) Also, he never argued that he was not given a reasonable period of time to consider the settlement agreement. Instead, Pompeo argued that the written settlement agreement allowed him to revoke or reject his acceptance of the settlement agreement. (R. 71, Resp., at 2.)

That leads the Court to the undisputed fact that Pompeo refused to sign the proposed written settlement agreement. The Court would be hard-pressed to conclude Pompeo accepted the written settlement agreement, which included the seven-day revocation period — whether it is a modification to the oral settlement agreement or standing alone — as required by Illinois contract law. *See In re Vic Supply Co., Inc.,* 227 F.3d 928, 932 (7th Cir. 2000) ("Acceptance can be effectuated by performance as well as by a signature.") (citing Restatement (Second) of Contracts § 30(2) (1981)). Because Pompeo never accepted the written settlement agreement, it is not an enforceable contract under Illinois law.[2] Therefore, the Court rejects the Report and Recommendation's analysis that the proposed written settlement agreement controls the parties' dispute and modifies the Report and Recommendation accordingly. The September 12, 2013 oral settlement agreement is binding. Before the next status date of March 4, 2014, the parties must meet and confer to memorialize the oral settlement agreement into writing as required by the ADEA. *See* 29 U.S.C. § 626(1)(A).

**Dated:** February 19, 2014

                                                            **AMY J. ST. EVE**
                                                            **United States District Court Judge**

---

[2] In the Report and Recommendation, Judge Valdez relied on an unpublished Sixth Circuit opinion, *Neely v. Good Samaritan Hosp.,* 345 Fed.Appx. 39, 2009 WL 2341513 (6th Cir. 2009) (per curiam) (unpublished). The facts in *Neely* differ from the facts in this matter because in *Neely*, the parties executed a written settlement agreement and the plaintiff signed a general release, including a right to revoke the settlement agreement. *Id.* at 43. Here, Pompeo never signed the written settlement agreement in the first instance.